IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

*IN RE:*

ERIC DEVON WRIGHT AND  CASE NO.: 20-12021-JCO
ANNIE JEAN WRIGHT,  CHAPTER 13

DEBTORS.

## MEMORANDUM OPINION AND ORDER

This matter came before the Court for confirmation hearing on the Debtors' Amended Plan (doc.40) and the Chapter 13 Trustee's Objection thereto ("Objection")(doc.43). Appearances were noted by the Debtor, Eric D. Wright ("Wright"), Attorney Steven A. Murray as Debtors' counsel, Attorney Jeffery J. Hartley as counsel for the Chapter 13 Trustee and Daniel B. O'Brien, the Chapter 13 Trustee. Upon consideration of the pleadings, the record, the evidence presented at the hearing and the arguments of counsel, the Court finds that the Trustee's Objection is due to be SUSTAINED and determines that the collective value of the real property[1] in dispute is $8960.00 for the following reasons:

## PROCEDURAL BACKGROUND

The Debtors, Eric Devon Wright and Annie Jean Wright, filed this Chapter 13 Bankruptcy on August 19, 2020. According to the Trustee's calculations, the Debtors' Amended Plan (doc. 40) as presently proposed will yield approximately $1875.00 (3.38%) to unsecured creditors. The Chapter 13 Trustee objected to confirmation asserting that the appropriate percentage to unsecured

---

[1] The only properties to which this Order pertains are Clinton Road and Tiger Lane.

1

creditors cannot be calculated without determining the value of two[2] parcels of real property that the Debtors own. The properties in issue are located at 450 Clinton Road in Castleberry, Alabama ("Clinton Road") and 10 Tiger Lane in Evergreen, Alabama ("Tiger Lane")[3]. The Debtors did not disclose any ownership of Clinton Road or Tiger Lane in their initial bankruptcy petition. Thereafter, they amended their schedules several times revising the Properties' descriptions and values. (Doc.1, Sch. A; Doc. 23, Sch A; Doc.41, Sch A; Doc. 52, Sch. A). The Trustee subsequently filed a Motion to Hire an Appraiser (doc. 55) and the Court approved such request. (Doc. 61).

## FINDINGS OF FACT

At the hearing, Debtor, Eric Wright ("Wright") testified regarding his opinion of the value of Clinton Road and Tiger Lane. Wright has been employed as a mechanic for 25 years and has not been trained as a real estate broker, agent or appraiser. Wright explained that he has personal knowledge of the Properties because: (1) his grandmother previously owned Tiger Lane; (2) his mother previously owned Clinton Road; and (3) he previously resided at each of the Properties. He stated that Clinton Road is in an isolated, swampy area, will not pass a percolation test, and has a burned down house located on it. He believes its value is declining because the brush is growing up and stated that it may be worth about $2000.00.

Wright described Tiger Lane as a sloping property with a river behind it. He recounted how his grandmother's home, which was previously located on the property, had to be raised due to flooding and water running downhill. He believes it would take substantial work to make it

---

[2] Initially there were questions about the value of other real property owned by the Debtors, but at the time of the hearing, only two properties remained in dispute.

[3] For ease of reference Clinton Road and Tiger Lane are also referred to collectively as "the Properties".

suitable for a homesite. In Wright's opinion, Tiger Lane is only worth between $800.00 and $1000.00.

The Trustee offered the testimony of Harold Grimes ("Grimes") as a licensed, certified general real estate appraiser. Grimes was engaged to perform a professional appraisal on Clinton Road and Tiger Lane. Upon considering his education, background, training, and experience the Court found Grimes to be duly qualified as an expert in real estate appraisal and accepted his testimony and written report ("Appraisal")(Trustee's Ex. A) into evidence. Grimes' Appraisal reflects that it was prepared in accordance with the Uniform Standards of Professional Appraisal Practice ("USPAP"). It also notes that the valuation assessments of Clinton Road and Tiger Lane included physical, locational, and economic analysis of the Properties.

With regard to Clinton Road, Grimes explained that: (1) it consists of approximately 2.74 acres; (2) he personally inspected the property; (3) he reviewed the topography; (4) it has no zoning restrictions; (5) utilities are available; (6) it can be cleared; and (7) its highest and best use is as a site for a manufactured or stick built home. Upon his inspection, consideration of comparable sales and application of the USPAP, Grimes testified that in his opinion the current value of Clinton Road is $8200.00[4].

As to Tiger Lane, Grimes stated that: (1) it consists of approximately .99 acres; (2) he personally visited the property; (3) he reviewed the topography; (4) it has no zoning restrictions; (5) utilities are accessible at the end of the road just before the west property line; (6) it is walkable although brush has grown up and an access road would need to be opened to use the property; (7) there was a house there as recently as 2010; (8) it can be cleared; and (9) the highest and best use for the property is as a site for a manufactured home, stick built home or a hunting camp. Upon

---

4 Grimes testified he did not attribute any value to the old home on the property.

his inspection, consideration of comparable sales, and application of the USPAP, Grimes testified that in his opinion, the current value of Tiger Lane is $3000.00.

When asked on cross-examination about Wright's testimony that Tiger Lane floods, Grimes stated that the flood maps do not show it to be in a flood plain. However, Grimes acknowledged that he did not visit the property when it was raining. Grimes also noted that the market for smaller parcels of vacant land and residential properties is slow in the rural areas where the Properties are located.

## CONCLUSIONS OF LAW

*Best Interests of Creditor's Test*

The Bankruptcy Code delineates specific requirements which must be met for confirmation of a Chapter 13 Plan. 11 U.S.C.§1325. One such requirement, §1325(a)(4) provides:

> (a) Except as provided in subsection (b), the court shall confirm a plan if— . . .
> (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

11 U.S.C. §1325(a)(4)

Thus, when the plan proposes to pay less than 100% to unsecured creditors, the Court must ensure the unsecured creditors will receive at least as much as they would if the debtors' estate is liquidated. *In re Guillen*, 972 F. 3d 1221 (11th Cir. 2020); *In re Taunton*, 306 B.R. 1 (M.D. Ala. 2004). This principle is commonly referred to as "the Best Interests of Creditors Test". *Id.*; *see also In re Steward-Harrel*, 443 B.R. 219 (Bankr. N.D. Ga. 2011). The debtors have the burden to show that the Best Interests of Creditors Test is satisfied. When there is a dispute over value of the debtors' assets, a valuation determination is necessary before the plan can be confirmed. *In re*


*Taunton* at 5, n. 1.

According to the Chapter 13 Trustee's initial calculations, the Debtors' Amended Plan (doc. 40) proposes to distribute $1875.00 (3.28%) to unsecured creditors. Upon review of the record in the case as well as the testimony at the hearing, the Court notes that: (1) Clinton Road and Tiger Lane are non-exempt assets of the Debtors; (2) The Properties were not initially disclosed in the Debtors' bankruptcy schedules; and (3) the Debtors have filed amended schedules several times changing their valuations of The Properties. Thus, the Court agrees with the Trustee that valuation of Tiger Lane and Clinton Road is necessary to determine whether the Amended Plan meets the Best Interest of Creditor's Test.

<u>*Valuation Methodology*</u>

Recognizing that property valuation is not an exact science, courts analyze conflicting testimony and afford it the weight deemed appropriate under the circumstances. *In re Dickerson*, 222 F. 3d 924 (11th Cir. 2000)(noting that valuation outside the marketplace is inherently inexact); *In re Coates*, 180 B.R. 110, 112 (Bankr.D.S.C.1995) ("Court must allocate varying degrees of weight depending on the court's opinion of the credibility of the evidence."). This Court has previously noted that it is not bound to accept the value in an appraisal but may form its own opinion of the value of the subject property. *In re Big Dog II, LLC*, 602 B.R. 64 (Bankr. N.D. Fla. 2019)(*citing In re Smith*, 267 B.R. 568, 572–73 (Bankr. S.D. Ohio 2001)). In forming its own opinion, the Court should weigh the evidence presented in support of each party's proposed valuation and may arrive at a different value than any of the valuations presented. *Id.* Acknowledging the pervasive influence of valuation decisions and the many ways in which valuation questions may arise, Congress has given the courts considerable flexibility in determining value. *In re McWilliams*, 2016 WL 4991502 (Bankr. N.D. Ala. 2016) (*citing In re*

*Grind Coffee & Nosh*, LLC, 2011 WL 1301357 (Bankr. S.D. Miss. 2011)).

A Debtor is competent to offer a lay opinion of the value of his property based on his familiarity with it but may not testify about the types of information on which an expert may rely. FRE 701; *Neff v. Kehoe*, 708 F.2d 639, 644 (11th Cir. 1983) ("[A]n owner of property is competent to testify about its value."); *In re Hixson*, 2011 WL 4625374 (Bankr. N.D. W. Va. 2011)(explaining that although lay opinion of property value is generally admissible, the weight attributable to it is highly variable and dependent on the circumstances of each case).

Bankruptcy courts routinely permit real estate brokers and other professionals to testify as to the value of real property. *In re Hyche*, 2015 WL 9438606 (Bankr. N.D. Ala. 2015). Because the valuation process often involves the analysis of conflicting testimony, a court must assign weight to the opinion testimony received based on its view of the qualifications and credibility of the witnesses. *In re Smith*, 267 B.R. 568 (Bankr. S.D. Ohio 2001). In doing so, courts generally evaluate many factors, including the appraiser's education, training, experience, familiarity with the subject of the appraisal, manner of conducting the appraisal, testimony on direct examination, testimony on cross-examination, and overall ability to support the basis for the valuation presented. *Id.; In re Buckland*, 123 B.R. 573 (Bankr. S.D. Ohio 1991).

The Court accepted Grimes an expert based on his extensive training and over forty years of experience in real estate appraisal. The Court found his testimony to be credible and forthright. Having considered that Grimes' conclusions were based on USPAP standards, sales comparisons and his personal visits to the property, the Court determines that his testimony and Appraisal provide reliable and persuasive evidence on the values of Clinton Road and Tiger Lane.

Notwithstanding the foregoing, the Court finds that Grimes' appraisals are still an estimate and that the Debtor's testimony should be given some consideration. Although Wright admittedly

6

Case 20-12021    Doc 70    Filed 09/24/21    Entered 09/24/21 13:27:53    Desc Main
Document      Page 6 of 8

has no special training or expertise in real estate valuation, he owns The Properties and his testimony established that he has specific knowledge about them. Although the differing valuations provided in the Debtors' bankruptcy schedules were concerning, the Court found Wright's testimony about his familiarity and personal experiences with the Properties to be credible and forthright. Clinton Road and Tiger Lane have been in Wright's family for decades and he has resided at each of them at different times in the past. Wright's testimony about the flooding and drainage issues was largely unrefuted as Grimes did not visit the properties in inclement weather. Also, the Court notes that the dilapidated structure located at Clinton Road, although not attributed any value by Grimes, could constitute a hazard, require remediation or dissuade interest in that parcel. Additionally, Wright's testimony that Clinton Road will not pass a percolation test would likely diminish the value of that parcel. The Court recognizes that the obstructed access and overgrown nature of Tiger Lane as detailed by Wright may also negatively affect the already small pool of potential purchasers and increase the marketing time if that parcel was listed for sale. Based on the foregoing, the Court determines that a downward adjustment of twenty percent of the appraised values of both Clinton Road and Tiger Lane is warranted for purposes of confirmation

## **CONCLUSION**

For the reasons noted above, it is hereby ORDERED, ADJUDGED, AND DECREED that the Trustee's Objection to Confirmation (doc.43) is SUSTAINED. The Court further determines that the value of Clinton Road is $6560.00 and the value of Tiger Lane is $2400.00. Accordingly,

Confirmation of the Debtors' Amended Plan (doc. 40) is DENIED and the Debtors are granted leave to amend their plan to comply with findings set out herein.

Dated: September 24, 2021

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE